UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLY JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:09-cv-3567 |
| v. ) | |
| ) | Honorable Judge Der-Yeghiayan |
| I-FLOW CORPORATION, ) | |
| DJO, L.L.C., and ) | Magistrate Judge Young B. Kim |
| DJO INCORPORATED, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT I-FLOW CORPORATION'S**
**SECOND MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant I-Flow Corporation ("I-Flow") moves for judgment on the pleadings with respect to Count One of Plaintiff's Complaint. In support of this motion, I-Flow states as follows:

1. Count One of Plaintiff's complaint alleges strict products liability involving design defect and failure to warn arising from the alleged injury to Plaintiff Holly Johnston's knee, which allegedly occurred on or about June 14, 1999.

2. More specifically, Plaintiff alleges that she developed chondrolysis as a result of the injection of pain relief medication into the knee joint by means of a continuous infusion pump allegedly manufactured by I-Flow. Plaintiff alleges that her surgery took place on June 14, 1999, and that the I-Flow device that allegedly caused her injury was implanted into her knee at the time of the surgery.

3. Plaintiff filed her complaint on June 12, 2009, approximately ten years after her surgery.

1

4. The Illinois statute of repose bars strict products liability actions which are based on injuries that occurred more than eight years before the filing of the complaint. 735 ILCS 5/13-213 (West 1994).

5. Illinois courts have held that "for the purposes of the statute of repose, 'injury' is the date at which a plaintiff is exposed to the product in question, not the date that the adverse effects of exposure manifest themselves." *Dohra v. Alcon (Puerto Rico), Inc.*, No. 92 C 2624, 1994 WL 71449 at *3 (N.D. Ill. March 3, 1994) (citing *Olson v. Owens Corning Fiberglass Corp.*, 556 N.E.2d 716, 719 (Ill. App. Ct. 1990). Accordingly, Plaintiff's Complaint makes plain that she was "injured," for purposes of the statute of repose, on or about June 14, 1999. See *Dohra*, 1994 WL 71449 at *3.

6. Thus, because Plaintiff filed her strict liability claims more than 8 years after her alleged injury occurred, her claims are time-barred.

WHEREFORE, for the foregoing reasons, Defendant I-Flow Corporation prays that this Honorable Court dismiss Plaintiff's first cause of action for strict products liability because it is time-barred.

        Respectfully submitted,

        */s/ Matthew C. Jardine, Esq.*
        Matthew C. Jardine, Esq.
        Attorneys for I-Flow Corporation

Robert E. O'Malley, Esq.
Matthew C. Jardine, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800
(312) 645-7711 Facsimile